## BRYANT et al. v. BROTHERHOOD OF RAILROAD TRAINMEN RAPIDES LODGE NO. 856 et al.

### Civ. No. 1977.

District Court, W. D. Louisiana, Alexandria Division.

Oct. 31, 1947.

J. Lyle De Bellevue, Asst. U. S. Atty., of Shreveport, La., for plaintiffs.

Fred Fudickar, Jr. and Hudson, Potts, Bernstein & Davenport, all of Monroe, La., for defendants.

PORTERIE, District Judge.

This is an action brought by the United States Attorney for the Western District of Louisiana, on behalf of Charles W. Bryant and John H. Beverly, veteran plaintiffs, pursuant to the provisions of Section 8(e) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308(e), to protect their rights thereunder relative to obtaining for them the same seniority with the Brotherhood of Railroad Trainmen Rapides Lodge No. 856 and the Missouri-Pacific Railroad Company that they had at the time that they went into the Armed Forces of the United States.

It was necessary to dispose of certain exceptions that were filed by the defendant, the Missouri-Pacific Railroad Company. The other defendant, The Brotherhood of Railroad Trainmen Rapides Lodge No. 856, is not contesting this suit and a default has been entered against this defendant. The exceptions that have been filed by the railroad are as follows: an exception to the jurisdiction of this court, ratione materiae; an exception of no cause or right of action and an exception of prematurity. These exceptions were referred to the merits by agreement.

The facts, with one exception, are not in dispute and have been stipulated. The basic issues present questions of law only and have to do with a determination of whether or not two ex-soldiers have been restored to the service of defendant without actionable prejudice by reason of their absence in military service—within the meaning and requirements of the federal statute.

On October 10, 1924, Clifford Crego was employed by the Missouri-Pacific Railroad Company as switchman in the Alexandria Joint Terminal at Alexandria, Louisiana, in which capacity he remained in the employ of the said Railroad until December 1938, at which time he was discharged as an unsatisfactory employee by the railroad. At the time of his discharge in 1938, there was in existence an agreement between the Missouri-Pacific Railroad Company and the Brotherhood of Railroad Trainmen which provided for certain procedure to appeal such action by the Railroad in discharging an employee in order to be reinstated. The particular provisions of the agreement, which was in full force and effect at that time, is Article 19, Section a, entitled "Forfeiture of Rights", which provides as follows: "If a yardman is discharged from the service, he shall forfeit all rights previously held, unless he is reinstated within ninety days or his case is pending."

It is contended by the plaintiffs that after his discharge Clifford Crego failed to appeal his case; therefore, his case was not a pending one in order to comply with the hereinabove cited provision. He was not reinstated within 90 days after his discharge; however, it is contended by the defendant railroad that throughout the entire system of the Missouri-Pacific Railroad employees are reinstated as common practice, even though applied for more than 90 days after dismissal; and, further, that frequently there is no opposition by the Union or other affected employees.

During the period from 1938 to 1942 Crego dealt cards in a professional game.

On October 13, 1942, the said Crego was reemployed by the Missouri-Pacific Railroad as a new employee with seniority dating from October 13, 1942, the date shown by the seniority roster of the Union dated January 1, 1943. On the roster Crego is shown to occupy position Number 34 and plaintiffs Beverly and Bryant positions 21 and 22, respectively, with seniority dates shown as January 5, 1941, and January 21, 1941, respectively.

The reinstatement of Crego took place after plaintiff Beverly was inducted into the Armed Forces and just prior to the time Bryant was inducted. Then, on June 10, 1943, Crego was reinstated by the Missouri-Pacific Railroad to all seniority rights dating from the date of his original employment which was October 10, 1924, thereby placing him in position Number 12 on the seniority roster of the Union and pushing plaintiff John H. Beverly from position Number 21 to position Number 22 and Charles W. Bryant from position Number 22 to position Number 23 as a result of this reinstatement, which was not their position at the time they entered the Armed Forces.

It is contended by the plaintiffs that by such shifting of seniority their rights have been prejudiced because of the fact that they have been forced to be placed on the Switchman's Extra Board, which was not their position at the time they entered the Armed Forces of the United States.

The case was tried without a jury on July 24, 1947. The court having carefully considered the evidence and the law applicable to the case presented, makes the following findings of fact and conclusions of law.

## Findings of Fact

a. The proceedings herein are under Section 8(e) of the Selective Training and Service Act of 1940. 54 Stat. 890, 50 U.S.C.A.Appendix, § 308(e), and the jurisdiction of this Court is based on that section. The jurisdiction of this Court is further based on the theory found in the case of the Texas & Pacific Railroad Company et al. v. Brotherhood of Railroad Trainmen et al., D.C., 63 F.Supp. 640, at page 641.

b. The plaintiffs reside in the Western District of Louisiana.

c. That Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, Debtor in a Bankruptcy Reorganization Proceeding pending in the United States District Court for the Eastern Division of the Eastern District of Missouri, is substituted as a party defendant in the place of the Missouri Pacific Railroad Company, and that this suit is dismissed as to that Corporation. The Trustee has entered a general appearance herein and in all respects stands in lieu of the said Corporation.

d. That defendant has maintained a place of business within the Western District of Louisiana at all times during the period involved in this suit, and is at present maintaining a place of business within the Western District of Louisiana.

e. That there is at present no labor dispute over Crego.

f. The position held by each plaintiff with the defendant railroad was not a temporary one, both of them being switchmen regularly employed; their seniority dates, established before entering the service, were January 1, and January 5, 1941.

g. The plaintiffs were honorably discharged and made application for their jobs within the required time as provided by law.

h. The plaintiffs, under Section 8(e) of the Selective Training and Service Act 1940, as amended, 50 U.S.C.A.Appendix, § 308(e), have, in their complaint, stated and, in the record established by the trial, proved a claim for which relief may be granted.

Crego failed to appeal his case within the 90-day period as provided in the existing agreement. There was a certain procedure to follow to make his case a pending case so that his seniority rights would not be forfeited and that was to notify his superintendent within the 90-day period of his intention to appeal from the discharge. Mr. J. S. Walker was the superintendent at that time and remained in that capacity more than 90 days after Crego's discharge. Crego failed to take the case up with him so as to make his case a pending case.

During the period from 1938-1942, Crego engaged in the business of gambling in professional card games.

On October 13, 1942, Crego was reemployed by the Railroad as a new employee with seniority dating from October 13, 1942. At that time his seniority position on the Roster was Number 34. The plaintiffs' positions were 21 and 22 respectively, with seniority dates shown as January 5, 1941 and January 21, 1941. On June 10, 1943 Crego was reinstated to full seniority rights dating from the date of his original employment, which was October 10, 1924, thereby placing him in position Number 12 and plaintiff John H. Beverly was moved from position Number 21 to position Number 22, and Charles W. Bryant from position Number 22 to position Number 23, as a result of that reinstatement. Numerous laboring men objected to this reinstatement because it was undeserved and unjust, and a direct violation of the existing agreement. The Union, representing these men, protested very strongly, but to no avail.

The seniority lists of the Union with the Missouri-Pacific Railroad, covering the period from 1938 to 1942, failed to list Crego at all on the seniority roster.

i. The reinstatement of switchman Crego did, in fact, prejudice the rights of the plaintiffs by pushing them down one step on the seniority roster, which was not their position at the time they went into the Armed Forces of the United States.

### Conclusions of Law

■ 1. That this court has jurisdiction of the subject matter and the parties—under the provisions of Section 8(e) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308(e), and the theory of Texas & Pacific Railroad Company, et al. v. Brotherhood of Railroad Trainmen et al., D.C., 63 F. Supp. 640, at page 641.

2. That the plaintiffs left a permanent position with the Railroad in order to perform service in the Armed Forces of the United States, and that each of them, honorably discharged, made application within the time and in the manner required by law.

■ 3. That switchman Crego's reinstatement to seniority rights as of October 10, 1924, after his reemployment on October 13, 1942, as a new employee, with his seniority rating from this date of reemployment, October 13, 1942, until June 10, 1943, is illegal and invalid and his seniority right is to be rated henceforth as first established from October 13, 1942.

Article 19, Section a, entitled "Forfeiture of Rights", which provides as follows: "If a yardman is discharged from the service, he shall forfeit all rights previously held, unless he is reinstated within ninety days or his case is pending."

■ In Fishgold v. Sullivan Corporation et al., 328 U.S. 275, on page 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230, 167 A.L.R. 110, thereof, the court said: "This legislation is to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need. See Boone v. Lightner, 319 U.S. 561, 575, 63 S. Ct. 1223, 1231, 87 L.Ed. 1587. And no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act."

In Trailmobile Co. v. Whirls, 6 Cir., 1946, 154 F.2d 866, the Court held:

A veteran's right to be restored to his former position without loss of seniority is an independent and additional right not to be impaired by other protective benefits accorded him by section 301 et seq., of this Appendix, and collective bargaining agreements entered into pursuant to terms of Wagner Act [section 151 et seq. of Title 29] must recognize statutory right of veteran to seniority granted him by Selective Service Act [section 301 et seq.], and any agreement which deprives him of that right is invalid to that extent.

Court would not presume that Congress in failing to amend National Labor Relations Act, section 151 et seq of Title 29, in enacting Section 301 et seq. of this Appendix intended to permit concerted action of collective bargaining agency and employer to destroy or whittle down statutory right of returning serviceman to restoration to seniority security in his job granted by said Sections.

And in Lord Mfg. Co. v. Nemenz, D.C. Pa.1946, 65 F.Supp. 711, the Court held:

A bargaining agreement between an employer and non-veteran employees which clashes with the provisions of Sections 301 et seq. of this Appendix must yield to said Section.

In Corpus Juris 13, Section 485, page 524, reads as follows: "Restriction to Terms of Contract. The intention of the parties is to be deduced from the language employed by them, and the terms of the contract, where unambiguous, are conclusive, in the absence of averment and proof of mistake, the question being, not what intention existed in the minds of the parties, but what intention is expressed by the language used. When a written contract is clear and unequivocal, its meaning must be determined by its contents alone; and a meaning cannot be given it other than that expressed. Hence words cannot be read into a contract which import an intent wholly unexpressed when the contract was executed. Where the contract evidences

care in its preparation, it will be presumed that its words were employed deliberately and with intention." See also 17 C.J.S., Contracts, § 296.

4. That plaintiffs Beverly and Bryant are hereby restored to positions 21 and 22, respectively, on the seniority roster.

5. The exceptions to the jurisdiction of this court, ratione materiæ, no cause or right of action and of prematurity, which were referred to the merits are overruled.

6. Judgment by default, having been previously entered against the Brotherhood of Railroad Trainmen, Rapides Lodge No. 856, is hereby confirmed and made final.

7. That judgment should be entered in favor of the plaintiffs, Charles W. Bryant and John H. Beverly, and against the defendants, The Brotherhood of Railroad Trainmen, Rapides Lodge No. 856 and Guy A. Thompson, Trustee of the Missouri-Pacific Railroad Company. The suit against the Corporation is hereby dismissed.